**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STUART MATTHEW KINGMAN,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

NO. CV 13-1554-AS

**MEMORANDUM AND OPINION**

**PROCEEDINGS**

Plaintiff filed a complaint on March 5, 2013, seeking review of the Commissioner's denial of benefits. On August 22, 2013, the matter was transferred and referred to the current Magistrate Judge. The parties thereafter consented to proceed before a United States Magistrate Judge. Defendant filed an Answer to the Complaint on September 19, 2013. On November 25, 2013, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim. The Court has taken this matter under submission without oral argument. See

L.R. 7-15; "Order," filed March 19, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former deli cutter-slicer, asserts disability since August 15, 2008, based on alleged mental and learning impairments. (Administrative Record ("A.R.") 26). The Administrative Law Judge ("ALJ") examined the records and heard testimony from Plaintiff, Plaintiff's mother, a psychology expert and a vocational expert (A.R. 30-33). The ALJ made the following findings: (1) Plaintiff has a severe medically determinable impairment, specifically, borderline intellectual functioning, a learning disorder and a history of attention deficit hyperactivity disorder; (2) Plaintiff's impairments do not meet or equal a listed impairment, (3) Plaintiff retains the capacity to perform "simple repetitive tasks," (4) Plaintiff lacks the residual functional capacity to perform his past relevant work, and (5) Plaintiff is able to perform work that exists in significant numbers in the national economy. (A.R. 29-35). The Appeals Council considered additional information but denied review, rendering the ALJ's decision the final decision of the Administration. (A.R. 5). Plaintiff contends that the Commissioner erred by reaching this decision without properly considering the evidence of his treating physician, Dr. Matthew Davis. (See Joint Stip. at 4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the

Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)). To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 1997) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative

record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence") (expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

## DISCUSSION

### I. Applicable Law

Three types of physicians may offer opinions in Social Security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (non-examining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is generally entitled to more weight than the opinion of a doctor who examined but did not treat the claimant, and an examining physician's opinion is generally entitled to more weight than that of a nonexamining physician. Id.; see also Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (treating physician's conclusions "must be given substantial weight").

The opinions of treating physicians are generally afforded more weight than the opinions of nontreating physicians because treating physicians are employed to cure and have a greater opportunity to know and observe the claimant. Smolen, 80 F.3d at 1285. Thus, if a treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, it should be given controlling weight. 20 C.F.R. § 404.1527(c)(2). However, if a treating physician's opinion is not given controlling weight, its weight is determined by length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, amount of evidence supporting the opinion, consistency with the record as a whole, the doctor's area of specialization, and other factors. Id. § 404.1527(c)(2)-(6).

When a treating physician's opinion conflicts with another doctor's, the ALJ must provide "specific and legitimate reasons" for discounting it.[1] Carmickle, 533 F.3d at 1164. The ALJ need not accept any medical opinion that conflicts with the physician's own treatment notes, the record as a whole or an opinion that is brief and conclusory. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that discrepancy between physician's notes and his assessment of limitations was "clear and convincing" reason for rejecting opinion); Connett v. Barnhart, 340 F.3d 871, 874–75 (9th Cir. 2003) (affirming ALJ's rejection of physician's Residual Functional Capacity

[1] In contrast, when a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Carmickle v. Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008).

questionnaire because it was “not supported by his own notes” and “had multiple inconsistencies with all other evaluations” (alteration omitted)).

However, an ALJ also has a “special duty to fully and fairly develop the record and to assure that the claimant’s interests are considered.” Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam); see also Sims v. Apfel, 530 U.S. 103, 110–11 (2000) (“Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ’s duty to investigate the facts and develop the arguments both for and against granting benefits . . .”). As effective at the time the ALJ rendered his most recent decision, section 404.1512(e) of 20 C.F.R. provided that the Administration “will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.” See 20 C.F.R. § 404.1512(e) (eff. through Mar. 25, 2012); see also Smolen, 80 F.3d at 1288 (“If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record.” (citations omitted)).

//

//

//

**II. Relevant Facts**

On June 8, 2010, Dr. Davis wrote a letter ("report") stating that Plaintiff had recently begun treatment with him for Attention Deficit/Hyperactivity Disorder (ADHD), Learning Disorder, and Cognitive Disorder. (A.R. 374-75). Dr. Davis explained that his assessment of Plaintiff's abilities was based on a careful review of Plaintiff's records, an interview with Plaintiff's mother, and an evaluation of Plaintiff. (A.R. 375). On that basis, he opined that he was "cautiously optimistic" that Plaintiff might be able to achieve "a degree of self-sufficiency" from treatment but "his future prospects for any kind of gainful employment . . . remain unlikely." (A.R. 375). Dr. Davis did not submit any treatment records with his letter.

The ALJ declined to afford Dr. Davis's assessment of Plaintiff's employment prospects significant weight because: (1) "there was no indication" that Dr. Davis knew that Plaintiff had worked for Von's grocery stores for nearly four years, (2) "there was no indication" that Dr. Davis was aware that Plaintiff was the primary care provider for his 17-month-old son, (3) Plaintiff's role as the primary care provider for his son "strongly suggest[ed] . . . far greater general mental capacity than Dr. Davis claim[ed]," and (4) Dr. Davis did not provide any treatment notes to support his assessment. (A.R. 31). Observing that Dr. Davis's assessment conflicted with that of both the examining clinical psychologist and the testifying medical expert, the ALJ discounted Dr. Davis's opinion as "lack[ing] basic indicia of reliability." (A.R. 31).

Following the ALJ's decision on December 23, 2010, Dr. Davis submitted to the Appeals Council four months worth of treatment records to the Appeals Council. (See A.R. 393-96). Nevertheless, the Appeals Council denied review of the ALJ's denial of benefits. (A.R. 5). As noted above, Dr. Davis's treatment records are now part of the Administrative Record for purposes of this Court's analysis.

Plaintiff claims that the ALJ erred in disregarding Dr. Davis's opinion that, due to Plaintiff's impairments, Plaintiff's prospects for gainful employment are "highly unlikely." (See Joint Stip. 4-9).

## III. Analysis

As stated above, an ALJ may disregard a treating physician's opinion only if he has "specific, legitimate reasons for doing so" and his decision is based on substantial evidence. Here, the ALJ properly declined to afford Dr. Davis's opinion significant weight because his opinion was not supported by any records of treatment or clinical support. (A.R. 31). In addition, the ALJ found that Dr. Davis's assessment was not supported by the records that were submitted by Dr. Slominski, a psychiatrist that Plaintiff had begun treatment with (A.R. 376-90 ), and Dr. Brawer, a psychologist who examined Plaintiff (A.R. 350-55) and other evidence in the record. Dr. Slominski diagnosed Plaintiff with a learning disorder and a history of attention deficit hyperactivity disorder for which he was prescribed medication but reported his mental status as stable and did not report any worsening psychiatric symptoms or limitations. (A.R. 31). Dr. Brawer concluded

that, based on test results and a behavioral evaluation, Plaintiff was capable of performing repetitive tasks and demonstrated adequate attention, concentration, persistence and pace in completing tasks. (A.R. 355). This was corroborated by the medical expert who testified at the hearing. (A.R. 75-79). See Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician – even a treating physician – if it is conclusionary and brief and is unsupported by clinical findings"); Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989) (ALJ can meet requirement to set forth reasons to reject a treating physician's opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings") (citations and quotations omitted).

Moreover, even if the ALJ erred in failing to request or obtain the treatment notes or records of Dr. Davis's treatment of Petitioner in order to evaluate his opinion that Plaintiff was "unlikely to be able to sustain gainful employment," such error, if any, was harmless. The treatment notes that Dr. Davis submitted after the ALJ's decision was issued, which are now part of the record, contradict his assessment of Plaintiff's limitations rather than provide support for his assessment. Specifically, Dr. Davis stated in his 2010 report that, due to his impairments, Plaintiff forgets to eat, is generally "untidy/unkempt," wears "sloppy attire," "frequently gets off track" and has difficulty concentrating during conversations. (A.R. 374). However, in his treatment notes, Dr. Davis recorded that Plaintiff is "well-groomed," consistently maintains a "clean, casual, appropriate" appearance, and

generally demonstrates a "well-organized thought process." (A.R. 393-96). Dr. Davis also observed that Plaintiff "interacts well" with his toddler son, (A.R. 395), and, according to his girlfriend, "stays on task." (A.R. 393). Dr. Davis further noted that Plaintiff reports being "productive," "organized," and attentive as well as "eating better and . . . gaining weight." (A.R. 394-95). In sum, these treatment records fail to support Dr. Davis's assessment that Plaintiff'S impairments preclude him from maintaining basic hygiene, remembering to eat, and sustaining the level of focus and concentration necessary for work.

Because Dr. Davis's opinion is contradicted by his treatment notes, any error in not according this opinion "significant weight" is harmless. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195, 1195 n.3 (9th Cir. 2004) (ALJ may discredit treating physician's opinion that is conclusory and lacks "objective medical evidence" in the physician's treatment notes); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").

Moreover, the Court finds that when Dr. Davis's treatment notes are considered in conjunction with the opinions of the consulting and examining medical sources and Plaintiff's own testimony that he is able to perform simple repetitive tasks, there exists substantial evidence for the Commissioner's nondisability determination. (See A.R. 68, 78,

355); cf. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (contrary opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record).

**CONCLUSION**

For all of the foregoing reasons, the decision of the Commission is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 16, 2014

_______________/S/__________________
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE